UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 07 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROCKY AND BRENDA CORONADO, | No. 12-15827 |
| Plaintiffs - Appellants, | D.C. No. 2:11-CV-02590-ROS District of Arizona |
| v. | |
| CHEVY CHASE BANK, FSB, CAPITAL ONE FINANCIAL CORPORATION, MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC., T.D. SERVICE COMPANY OF ARIZONA, | ORDER |
| Defendants - Appellees. | |

Before: WALLACE, BYBEE, Circuit Judges, and GETTLEMAN, District Judge.[*]

The appellants filed a motion for reconsideration or rehearing and suggestion for en banc determination, which the court construes as a petition for panel rehearing under Fed. R. App. P. 40 and petition for rehearing en banc under Fed. R. App. P. 35. The panel has unanimously voted to deny the petition for panel rehearing. Judge Bybee has voted to deny the petition for rehearing en banc, and Judges Wallace and Gettleman so recommend.

---

[*] The Honorable Robert W. Gettleman, District Judge for the U.S. District Court for the Northern District of Illinois, sitting by designation.

The full court has been advised of the petition for rehearing en banc, and no judge of the court has requested a vote on it. Fed. R. App. P. 35.

The petition for panel rehearing and the petition for rehearing en banc are DENIED.

The memorandum disposition filed on January 22, 2014, is AMENDED as follows:

At the end of our disposition in the line after <AFFIRMED>, add the following paragraph:

The Coronados filed a petition for reconsideration or rehearing and suggestion for en banc determination, arguing that a recent Arizona intermediate court decision undermined our original disposition. However, the Coronados do not fall under the exception mentioned by that case for borrowers who affirmatively allege that the trustee or beneficiary did not have proper authority, because the exception "affect[s] only those borrowers/trustors who obtain a [temporary restraining order] or injunction prior to the trustee's sale." *Steinberger v. McVey* ex rel. *Cnty. of Maricopa*, 2014 WL 333575, at *8 (Ariz. Ct. App. Jan. 30, 2014). As of February 21, 2012, the date of the trustee's sale, there was no valid restraining order in place.

No further petitions for rehearing and/or rehearing en banc will be entertained. U.S. Ct. of App. 9th Cir. Gen. Order 5.3(a).